## POLLITT v. HALL.*

No. 6919.

United States Court of Appeals for District of Columbia.

Argued Oct. 20, 1937.

Decided Nov. 15, 1937.

Basil H. Pollitt, of Newark, N. J., pro se.

Leslie C. Garnett, U. S. Atty., Allen J. Krouse, Asst. U. S. Atty., Elwood H. Seal, Corp. Counsel, D. C., and T. Gillespie Walsh, Asst. Corp. Counsel, D. C., all of Washington, D. C., for appellee.

Before ROBB, GRONER, and MILLER, Associate Justices.

PER CURIAM.

Petitioner (appellant), who is a lawyer, was in June, 1935, adjudged in a lunacy proceeding in the District Court to be of unsound mind and subject to detention and treatment. He has since been detained in St. Elizabeths Hospital. In January of 1937 he filed a petition for habeas corpus. The writ issued and the cause was heard January 15, 1937, the writ discharged, and petitioner remanded to the custody of the superintendent of the hospital. On January 26th a motion for rehearing was denied. Petitioner has appealed to this court and in his brief and argument insists that he is sane and able to attend to his own business and should be discharged. The record here consists of the petition, the return of the superintendent of the hospital, the order of the court, the motion for rehearing, the order denying same, and the order allowing the appeal. The testimony introduced in the court below is not included in the record, and the only assignments of error are those to be found in the motion for rehearing. These we have noticed as fully as though they were formally assigned. The return shows that petitioner is of unsound mind, suffering from psychosis (paranoid type) with encephalitis lethargica (epidemic encephalitis) and that he should receive further care and treatment in a mental hospital. There is nothing in the record to the contrary save the statement of petitioner in his brief and in oral argument that he is as sound mentally as other members of the legal profession, enjoys good health, and is financially able to take care of himself.

Petitioner in his motion for rehearing and again in his brief says that the hearing below was arbitrary, that the court refused to permit him to complete his testimony or to cross-examine the medical witnesses or to rebut their testimony. But nothing appears to support these charges. In short, if we are to do as petitioner asks, we should have to reach a favorable conclusion of petitioner's mental condition without any evidence and despite the medical evidence to the contrary, which it appears was admitted and considered by the court below. This, of course, we have no right to do. In the circumstances no other action on our part is possible than to affirm the order dismissing the writ and remanding petitioner to the custody of the superintendent of the hospital.

Affirmed.

*Writ of certiorari denied 58 S.Ct. 649, 82 L.Ed. —.